894 F.2d 403
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Warren SETLIFF, Defendant-Appellant.
 No. 88-5638.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 7, 1989.
Decided: Jan. 12, 1990.
 
 Michael R. Nash, on brief, for appellant.
 Robert H. Edmunds, Jr., United States Attorney; Douglas Cannon, Assistant United States Attorney, on brief, for appellee.
 Before DONALD RUSSELL and SPROUSE, Circuit Judges, and JAMES C. TURK, Chief United States District Judge for the Western District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 Stephen Warren Setliff was convicted of conspiracy to escape from lawful federal custody (18 U.S.C. Sec. 371) upon his plea of guilty. He now appeals his sentence of fourteen months' imprisonment, arrived at by application of the Federal Sentencing Guidelines.
 
 
 2
 While he was awaiting sentencing in the Chatham County Jail, Pittsboro, North Carolina, a jail employee overheard the appellant's telephone conversation in which plans for an escape were discussed. Four days later, the appellant was again overheard while planning the details of his jailbreak. As a result, the appellant was placed on high escape risk status, and the plot was effectively squashed prior to any attempted jailbreak.
 
 
 3
 Appellant's complaint about the application of the Sentencing Guidelines revolves solely around the district court's alleged misinterpretation of Section 2X1.1. The base offense level for conspiracy to escape is equal to that of the substantive offense. See United States Sentencing Commission, Guidelines Manual Sec. 2X1.1. The offense level for escape is thirteen. Guidelines Manual Sec. 2P1.1(a). Because the appellant accepted responsibility for the offense, the trial court reduced the offense level two points pursuant to Section 3E1.1(a). The court then fixed the offense level at eleven and imposed sentence.
 
 
 4
 The appellant now argues that he is entitled to a decrease in sentence of three levels pursuant to Guidelines Section 2X1.1(b)(2), which provides:
 
 
 5
 If a conspiracy, decrease by 3 levels, unless the defendant or a co-conspirator completed all the acts the conspirators believed necessary on their part for the successful completion of the offense or the circumstances demonstrate that the conspirators were about to complete all such acts but for apprehension or interruption by some similar event beyond their control.
 
 
 6
 Although neither the appellant nor his co-conspirator ever attempted to escape, the record makes it clear that substantial steps had been taken towards completion[1] and that, but for the intervention of prison officials, an attempted jailbreak was imminent. Further, even after the appellant was deemed a high-escape risk, it was still his intention to escape as he wrote a letter to Hastings detailing the steps necessary to blow open a jail door. The commentary to Section 2X1.1(b)(2) explains:
 
 
 7
 Background: In most prosecutions for conspiracies or attempts, the object offense was substantially completed or was interrupted or prevented on the verge of completion by the intercession of law enforcement authorities or the victim. In such cases, no reduction of the offense level is warranted. Sometimes, however, the arrest occurs well before the defendant or any co-conspirator has completed the necessary acts of the object offense. Under such circumstances, a reduction of 3 levels is provided under 2X1.1(b)(1) or (2).
 
 
 8
 According to the appellant, this plan was unearthed well before he or his co-conspirator had completed the necessary acts of the object offense. We disagree. The record reflects that all the planning and preparation for the object offense in this case had been completed. Unfortunately for the appellant, he was overheard by prison officials firming up the details of the plot, and certain contraband was discovered in his mail and confiscated, inhibiting his ability to actually escape. We believe that the appellant's attempted escape was on the verge of completion and was halted not because of the voluntary withdrawal of the appellant, but because of the timely intercession of prison officials. Accordingly, following as we must the plain language of the Sentencing Guidelines, no downward adjustment may be made in this case under Section 2X1.1(b)(2). The judgment of the district court is hereby
 
 
 9
 AFFIRMED.
 
 
 
 [1]
 Appellant's co-conspirator, Jeffrey Taylor Hastings, had already carried out several overt acts in furtherance of the plan, including the purchase and mailing of certain tools, hidden in Bibles, to facilitate the jailbreak